No. 5755.

RANDELL HUNT *vs.* JAMES E. ZUNTZ.

The appeal referred to in article 3130 of the Revised Code is an appeal from the judg- ment or decision of arbitrators to the court of original jurisdiction. It has no application to the appellate jurisdiction of this court. The article cited in no manner modifies the jurisdiction of this court as fixed in article seventy-four of the constitution and also in the Code of Practice.

The case at bar is a suit brought by plaintiff on a contract and the award of arbi- trators thereon. The court below has decided that the decision was properly

made, and that the defendant should pay the amount awarded and also the further sum of ten thousand dollars, liquidated damages, for failing to comply with the arbitration within the time stipulated. Whether an amount has been properly awarded, and whether defendant is guilty of non-compliance with the award, and incurred the penalty stipulated, are questions passed on in the court a qua, and there is no law forbidding the review by this court of the judgment of said court. Defendant, who complains that he is aggrieved, has the constitutional right of appeal, however indifferent his defense may be on the merits. The motion to dismiss can not prevail.

There is nothing in the constitution or laws which prohibits parties from submitting their differences to arbitration; nor is there any authority for saying that parties can not bind themselves in any penalty to abide by the decision of arbitrators selected by themselves,

The objection that the defendant was not given a proper opportunity to be heard before the umpire is not well founded. On the contrary, it is shown that he was notified when and where the umpire was to commence his investigations, and that he did not appear before him at the time and place designated, either in person or by counsel.

The article 3106 of the Code recognizes the rights of parties to contract that they will be held in a penalty in case they do not abide by the award of parties of their own selection, or selected under their authority, to whom they have agreed to submit their differences.

If they could not affix a penalty as the result of their non-compliance, the article of the Code just quoted would be meaningless. If, having affixed a penalty, it should be held that the award and penalty can not both be exacted, the result might lead to an absurdity.

Article 2125 of the Code, relied on by defendant, is rather conclusive against him than otherwise. He is bound for the amount of the penalty claimed of him by reason of the decision of the umpire, to which he promised to submit, and because he agreed to pay said penalty unless he complied with his covenant.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. Randell Hunt, Clarke, Bayne & Renshaw, D. S. Bryon,* and *Robert G. Duqu*', for plaintiff and appellee. *A. & W. Voorhies,* for defendant and appellant.

ON MOTION TO DISMISS.

WYLY, J. Plaintiff and defendant being unable to agree as to the amount due the former by the latter for professional services in a certain litigation, submitted the matter to arbitration, indicating in the contract the names of the arbitrators and the name of an umpire in case his services should be required. They also bound themselves to abide by the judgment of the arbitrators, and to pay the amount thereof within five days after the decision; and they further bound themselves "to each other in the sum of ten thousand dollars liquidated damages, to be paid in case of non-compliance within the time named." The arbitrators failing to agree, the matter was referred to the umpire, who fixed the amount to be paid plaintiff by defendant at fifty-seven hundred dollars. Defendant having failed, after due notice for more than five days, to comply with the award, the plaintiff brought this suit to recover the amount of the award and also the ten thousand dollars liquidated damages stipulated to be paid in case of failure for more than five days after a decision to comply with the arbitration.

The court gave judgment as prayed for, and defendant has appealed. Plaintiff now moves to dismiss this appeal on the ground that defendant has been condemned to pay the amount awarded by arbitrators and a penalty for failing to comply therewith and no appeal lies in a case of this kind. In support of the motion article 3130 of the Revised Code is cited, which reads as follows: "He who is not satisfied with the award may appeal from it, though the parties have renounced such appeal by the submission; but the appellant, before being heard on his appeal, ought to pay the penalty stipulated in the submission, if any has been stipulated." * * * The appeal here referred to is an appeal from the judgment or decision of arbitrators to the court. It has no application to the appellate jurisdiction of this court. The article cited in no manner modifies the jurisdiction of this court as fixed in article seventy-four of the constitution and also in the Code of Practice.

The case at bar is a suit brought by plaintiff on a contract and the award of arbitrators thereon. The court below has decided that the arbitration was properly made and that the defendant should pay the amount awarded, and also the further sum of ten thousand dollars liquidated damages, for failing to comply with the arbitration within the time stipulated. Whether an amount has been properly awarded, and whether defendant is guilty of non-compliance with the award, and incurred the penalty stipulated, are questions that have been passed on by the court below, and there is no law forbidding the review by this court of the judgment of the court below. Defendant, who complains that he is aggrieved, has the constitutional right of appeal, however indifferent his defense may be on the merits.

The motion is denied.

---

Morgan, J., *dissenting.* A submission is a covenant by which persons who have a lawsuit or difference with one another name arbitrators to decide the matter and bind themselves reciprocally to perform what shall be arbitrated. C. C. 3099. Parties may submit either all their differences or only some of them in particular, and likewise they may submit to arbitration a lawsuit already instituted or only in contemplation, and generally every thing which they are concerned in or which they may dispose of. C. C. 3102.

It is usual to undergo a penalty of a certain sum of money in the submission, which the person who shall contravene the award, or bring appeal therefrom, shall be bound to pay to the other who is willing to abide by it; but this covenant is not essential, and the submission may subsist without the penalty. C. C. 5106.

The award, in order to be put in execution, ought to be approved by

the judge, *but this formality is only intended to invest the award with a sufficient authority to insure its execution*, and not to submit to the judge the examination of its merits, except an appeal is brought before him. C. C. 3129.

He who is not satisfied with the award may appeal from it, though the parties had renounced such appeal by the submission; but the appellant, before being heard on his appeal, ought to pay the penalty stipulated in the submission, if any has been stipulated. C. C. 3130.

The foregoing are literal extracts from the Civil Code.

Plaintiff claimed from the defendant a sum of money. They differed with one another as to the indebtedness. They agreed to submit their differences to arbitrators. They stipulated a penalty of ten thousand dollars in case either party refused to abide by the award which might be made. The arbitrators fixed the sum due to plaintiff. Zuntz refused to comply with their award. To put the award in execution Hunt sought the approval of the judge. He sought it in the only way he could obtain it, that is, by suit. Suit was the only way by which he could execute it, for the mere approval of the judge would have amounted to nothing unless his approval had the force of a judgment which could be executed. The judge approved of the award by rendering judgment in Hunt's favor. Zuntz appeals. He is entitled to his appeal under the law cited, but there is a condition precedent to this right; this is, that he should pay the penalty stipulated. This he has not done. I do not think that he should be heard until he has complied with his self-imposed contract. In my opinion, his appeal should be dismissed.

---

## ON THE MERITS.

MORGAN, J. The relation of counsel and client existed between the plaintiff and defendant. When this relation ceased, a disagreement arose between them as to the compensation which the one was to receive and the other was to pay. They could come to no satisfactory arrangement, and a lawsuit was threatened. They agreed to submit their differences to arbitrators, who were to be amicable compounders, and they reciprocally bound themselves to abide by the award which the arbitrators might make. In case of disagreement between the arbitrators an umpire was to be chosen. The decision of the umpire was to be final.

The power to make such a covenant is expressly recognized by the Code, articles 3099, 3102.

The covenant was as follows:

"It is agreed by and between Randell Hunt and James E. Zuntz that this claim (for professional services and advice in the cases of James E.

Zuntz vs. W. H. Stackhouse, and of W. H. Stackhouse vs. J. E. Zuntz,) be submitted to Judge J. H. Ilsley and Hon. Thomas J. Semmes, as arbitrators and as amicable compounders, with power to them, in case of disagreement, to select a new person as umpire, whose decision shall be final.

"The parties hereto bind themselves to abide by such judgment, and to pay the amount of the same within five days after judgment is rendered or decision made.

"And they mutually bind themselves to each other in the sum of ten thousand dollars liquidated damages, to be paid in case of non-compliance within the time named.

"It is agreed and understood that the matters are submitted to the above-named arbitrators upon the records and proceedings in the cases, and such other testimony as the parties may offer within —— days from this date, the arbitrators and amicable compounders to have full authority to reject any improper testimony, and their decision upon the admission or rejection of the same to be final.

"In case the parties above named (the arbitrators) can not agree, Henry C. Miller is selected as umpire, and his decision shall be final under the terms of this agreement and submission and subject to all the conditions therein. He is made umpire and amicable compounder."

Messrs. Ilsley and Semmes could not agree, and the matter was referred to Mr. Miller. His award was that Zuntz should pay five thousand seven hundred dollars.

This award the defendant refused to comply with. Plaintiff seeks to compel him to do so, and he asks also for the penalty which, by the contract, the defendant agreed to pay in case of failure to comply with the award.

One defense is that the law makes the courts of the State alone judges in such matters.

There is nothing which we can discover in the constitution or laws which prohibits parties from submitting their differences to arbitrators, nor is there any authority for saying that parties can not bind themselves in any penalty to abide by the decision of arbitrators selected by themselves. A second objection is that the defendant was not given a proper opportunity to be heard before the umpire. But this is not substantiated by the record. On the contrary, it is shown that he was notified when and where the umpire was to commence his investigations, and that he did not appear before him at the time and place designated, either in person or by counsel.

A third objection is that plaintiff can not exact the award and the penalty attached to the non-compliance therewith. Article 3106 says that "it is usual to undergo a penalty of a certain sum of money in the sub-

mission, which the person who shall contravene the award, or bring appeal therefrom, shall be bound to pay to the other who is willing to abide by it."

This article, therefore, recognizes the right of parties to contract that they will be held in a penalty in case they do not abide by the award of parties of their own selection, or selected under their authority, to whom they have agreed to submit their differences. If they could not affix a penalty as the result of their non-compliance, the article of the Code just quoted would be meaningless. If, having affixed a penalty, it should be held that the penalty alone can be exacted, the result might lead to an absurdity. For instance, if the penalty was fixed at one hundred dollars and the award was five thousand dollars, if the party decided against refused to pay the award, the penalty only could be exacted. The penalty, therefore, would be an inducement as well as a reward, instead of a punishment, for violating an agreement legally entered into. This would be reversing the order of things. The first object of the penalty was to insure the faithful abiding by the award, and the large amount stipulated was only to make compliance more certain. ·

But the defendant relies upon article 2125 of the Code, which says: "The penal clause is the compensation for the damages which the creditor sustains by the non-execution of the principal obligation. He can not demand the principal and the penalty together, unless the latter be stipulated for the mere delay."

If we admit that the case before us is to be governed by the chapter of the Code which treats of obligations with penal clauses, instead of the subsequent title, which treats of arbitration, which it is not necessary for us to decide, still the article relied on would be conclusive against the defendant, for here it was expressly agreed that the penalty stipulated should be due unless the award was paid within five days from its rendition. Plaintiff submitted his claim to arbitration. He bound himself to abide by the award which might be made. The defendant bound himself in the same manner. When the award was made plaintiff submitted to it. The defendant refused compliance. The penalty which he imposed upon himself then became due. He is bound for the amount of the award by reason of the decision of the umpire. He is bound for the penalty because he agreed to pay it unless he did comply. When we affirm the judgment against him we only compel him to do what he voluntarily agreed to do.

Judgment affirmed. ·

---

Wyly, J., *dissenting*. Randell Hunt having a claim against James E. Zuntz for professional services, agreed with him to submit the matter to arbitration; and they bound themselves to each other in the sum of ten

thousand dollars to abide by the award, and pay the amount thereof within five days after the decision.

The submission is in the following words: "Randell Hunt claims from James E. Zuntz, as now due, ten thousand dollars for professional services and advice in the cases of James E. Zuntz vs. W. & H. Stackhouse, and of W. & H. Stackhouse vs. James E. Zuntz. It is agreed by and between Randell Hunt and James E. Zuntz that this claim shall be submitted to Judge J. H. Ilsley and Hon. Thomas J. Semmes, as arbitrators and amicable compounders, with power to them in case of disagreement to select a new person as umpire, whose decision shall be final. The parties hereto bind themselves to abide by such judgment and to pay the amount of the same within five days after judgment is rendered or decision made, and they mutually bind themselves to each other in the sum of ten thousand dollars liquidated damages, to be paid in case of non-compliance within the time named. It is agreed and understood that the matters at issue are submitted to the above-named arbitrators upon the records and proceedings in these cases, and such other testimony as the parties may offer within —— days from this date. The arbitrators and amicable compounders to have full authority to reject any illegal or improper testimony, and their decision as to the admission or rejection of the same to be final.

"In case the parties above named can not agree, Henry C. Miller, Esq., is selected as umpire, and his decision shall be final under the terms of this agreement and submission. And, subject to the conditions therein, he is made umpire and amicable compounder. Affidavits of arbitrators and umpire dispensed with."

The arbitrators and amicable compounders, after examining the matter, were unable to agree, and the case was referred to Henry C. Miller, umpire, who rendered an award of five thousand seven hundred dollars in favor of Randell Hunt. Notice of this award was served upon Zuntz on the fifteenth of July, 1874. He failed to comply with it, and on the fifth of November this suit was brought to recover the amount of the award, and also the ten thousand dollars, liquidated damages, stipulated in the contract.

Defendant excepted to the suit, and in his answer pleaded the general denial and reiterated the allegations contained in his exception. The allegations of the exception are:

First—The petition does not disclose a cause of action.

Second—The same does not allege that the amicable compounders were sworn as required by law.

Third—The same does not allege a trial before the amicable compounders or before the umpire; nor that a time and place were set for trial; nor that notice was given to the parties or their counsel to attend the trial.

These objections are fully answered in the written opinion of the judge *a quo*. The amicable compounders, by agreement, were dispensed from taking an oath. The umpire took an oath. He gave proper notice to defendant to attend the trial before him, but he did not appear. If defendant had cause to complain that he was not notified to appear before the amicable compounders when they were examining the matter, he should have made his objection at the time the case was taken up by the umpire. It would have been a good cause to object to the action of the umpire; the defendant made no objection, however; and if the umpire had made a decision favorable to him we apprehend no objection would now be made to any of the proceedings.

The learned counsel for defendant urges in his brief that the articles of the Revised Code permitting parties to submit their differences to arbitrators and amicable compounders, and making their award final, are repugnant to that provision of the constitution of 1868 vesting the judicial power of the State in the Supreme Court, in district courts, in parish courts, and in justices of the peace. I see no force in this objection. Before the finding of arbitrators can have the effect of a judgment it must be submitted to the court, and the decree of the court thereon is the judgment.

The important question in the case is: Can the plaintiff recover judgment both for the amount of the award and the amount of the penalty? "A submission is a covenant by which persons who have a lawsuit or difference with one another, name arbitrators to decide the matter and bind themselves reciprocally to perform what shall be arbitrated." Revised Code 3099. "It is usual to undergo a penalty of a certain sum of money in the submission, which the person who shall contravene the award, or bring an appeal therefrom, shall be bound to pay the other who is willing to abide by it; but this covenant is not essential, and the submission may subsist without the penalty." Revised Code 3106.

"The award in order to be put in execution ought to be approved by the judge; but this formality is only intended to invest the award with a sufficient authority to insure its execution, and not to submit to the judge the examination of its merits, except in case an appeal is brought before him." Revised Code 3129.

"He who is not satisfied with the award may appeal from it, though the parties had renounced such appeal by the submission; but the appellant before being heard on his appeal ought to pay the penalty stipulated in the submission, if any has been stipulated; and this penalty shall ever be due, though the appellant afterward renounces his appeal; but if he succeeds to have the award reversed, either in whole or in part, the court who shall pronounce on the appeal shall order the repayment of the penalty; but if the award is confirmed the penalty which has been

paid shall operate no diminution of the amount of the award." Revised Code, 3130.

In the case at bar the defendant has not appealed from the award. He could not do so without paying the penalty. Therefore the correctness of the award on its merits is not open for revision.

But defendant, however, has contravened the award; and by article 3106, above quoted, he is bound to pay the amount of the penalty to plaintiff who is willing to abide by it. That he is bound to pay plaintiff the sum of money stipulated as the penalty for having contravened the award there can be no doubt, if article 3106 of the Revised Code has any meaning, and if parties are bound by their contracts. But the question is, is defendant bound also for the amount of the award which he contravened by refusing to pay? I think not. The law does not declare the contravention of an award, like an unsuccessful appeal therefrom, shall subject the complainant to the payment both of the penalty and the award.

"A penal obligation necessarily supposes two distinct contracts; one to do or to give that which is the principal object of the contract, the other to give or do something, if the principal object of the agreement be not carried into effect." Revised Code 2118.

"The creditor, instead of exacting the penalty stipulated from the debtor who is in default, may sue for the execution of the principal obligation." Revised Code 2124.

"The penal clause is the compensation for the damages which the creditor sustains by the non-execution of the principal obligation. He can not demand the principal and the penalty together, *unless the latter be stipulated for the mere delay*." Revised Code 2125.

Was the penalty in the case at bar stipulated as damages *for the mere delay* in executing the award?

I find no such stipulation in the contract. It is true the parties were bound to comply with the award and pay the amount thereof within five days from the decision. But there is no express stipulation that the penalty was merely for damages arising from delay in complying with the award. On the contrary, the penalty was the sum of money which the parties mutually bound themselves to each other to pay for failing to abide by and comply with the award within the time specified in the agreement. Article 2125 of the Revised Code says: "The penal clause is the compensation for the damages which the creditor sustains by the non-execution of the principal obligation." It is the equivalent for the discharge of the principal obligation; it is adequate compensation for the non-compliance. It would be manifestly unjust to permit plaintiff to recover ten thousand dollars, the amount he agreed would be adequate compensation for non-compliance with the award by Zuntz, and also to

recover the amount of the principal obligation ; to take both the thing and its equivalent.

When plaintiff recovers judgment for ten thousand dollars he gets all he ever claimed from Zuntz for professional services. Why should he get more ? By the contract of submission he agreed that a penalty of ten thousand dollars would redress the wrong resulting from a default by Zuntz in discharging the principal obligation. Five days after the award was fixed as the period for making the default. Zuntz contravened the award by not paying the amount thereof within the time stipulated. He then became liable to pay the penalty, the compensation, or the equiva- lent for the principal obligation. Revised Code 2125. But his non-compliance did not have the effect to make him liable for both the penalty and the principal obligation. The contract of submission must be read by the light of article 2125 of the Revised Code ; indeed, this article must be regarded as a part of the contract. Parties are always presumed to contract with reference to the law. The law permitted them to modify article 2125 by expressly stipulating in the agreement that the penalty *was merely for delay*, and not intended as compensation for damages resulting from the non-execution of the principal obligation, as the law declares. In their convention the parties have not in express terms modified the law, as they might have done ; it is a part of the contract, and the court must uphold and enforce it. The parties have fixed the damages at ten thousand dollars for the non-execution of the principal obligation. When plaintiff recovers this sum he will receive adequate compensation, and the contract of submission will be as fully executed as if Zuntz had paid the principal obligation, the amount awarded by the umpire.

The subject under consideration was very fully discussed by Pothier in his work on Obligations under the title of penal obligations. The learned author says : "This penalty is stipulated with the intention of indemnifying the creditor for the non-performance of the principal obligation ; it is consequently compensatory of the damages which he suffers from such non-performance. Hence it follows that he ought in this case to elect either to claim the execution of the principal obligation or the penalty ; that he ought to be satisfied with one of them ; and that he can not exact both. However, as the penal obligation can not invalidate the principal, if the penalty which the creditor has received for non-performance of the principal obligation is not sufficient indemnification, he may still demand damages resulting from the non-performance of the principal obligation, making an allowance and deduction for the penalty which he has already received. But the judge ought not too readily listen to the creditor who pretends that the penalty he has received was not a sufficient indemnification for the non-performance of the agreement, for

the parties having by fixing the penalty themselves regulated the damages that may result from the non-performance of the agreement, the creditor by demanding greater damages seems to act in opposition to an estimation which he himself has made, and this ought not to be allowed, at least unless he has proof at hand that the damage sustained by him exceeds the penalty agreed upon.    *    *    *    Our rule that the creditor can not, at the same time, have both the principal and the penalty, is subject to an exception, not only when it is expressly said in the penal clause that if the debtor does not accomplish his obligation the penalty shall be incurred and due without prejudice to the principal obligation, but also whenever it appears that the penalty is stipulated for the reparation of what the creditor may suffer, not from the absolute non-performance, but merely from the delay in the execution; for in this case the creditor who has suffered the delay may take both the principal and the penalty."    Again, the same learned author in discussing the question whether a debtor may by discharging part of his obligation partially avoid the penalty says: "But if the creditor voluntarily receives a part of the debt, shall he have a right to the whole of the penalty in default of the payment of the residue? Ulpian decides that, although according to the subtlety of law, it may happen that in this case the penalty is incurred for the whole, nevertheless it is equitable that it should only be so in proportion to the part of the principal obligation which remains to be discharged.   The true reason of this decision is that which is given by Dumoulin, which we have referred to, viz.: that the debt being considered as a promise to compensate for the non-performance of the principal obligation, the creditor can not have both the one and the other; then, when he has been paid a part of what is due upon the principal obligation, he can no longer be entitled to receive the penalty in respect to that part; otherwise, he would receive both, which ought not to be."
   *    *    *    *    *    *    *    *    *    *

My conclusion is that the penalty of ten thousand dollars is adequate compensation for the non-performance of the principal obligation by Zuntz. It is the liquidated damages which the parties have stipulated for the non-execution of the contract, and the payment thereof discharges the obligation of defendant as fully as if he had executed the principal obligation.   And of this conclusion the litigants will have no cause to complain, because it merely enforces a contract which they voluntarily entered into.   I therefore dissent in this case.

Rehearing refused.